# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **CANRIG DRILLING TECHNOLOGY LTD** § § § **Plaintiff,** § § § vs. § § **OMRON OILFIELD AND MARINE INC.,** § **et al** § § **Defendants.** | **CASE NO. 6:09-CV-414** **PATENT CASE** |

## MEMORANDUM OPINION AND ORDER

Defendant Omron Oilfield and Marine, Inc.'s Motion for Transfer of Venue (Docket No. 45) is before the Court. Having considered the parties' written submissions, the Court **DENIES** the motion.

## BACKGROUND

Plaintiff Canrig Drilling Technology Ltd. is a drilling technology company that manufactures drilling equipment. Canrig accuses Omron Oilfield and Marine, Inc. and Helmerich & Payne, Inc. ("H&P") of infringing its U.S. Patent No. 6,050,348, "Drilling Methods and Apparatus," which describes a method and apparatus for controlling the rotation of a drill string. Omron developed and manufactured the accused control systems, which it sold to H&P and are used on H&P's drilling rigs.

Canrig's and Omron's principal places of business are in Houston, Texas. H&P's principal place of business is in Tulsa, Oklahoma, but H&P also maintains an office in Tyler, from which it manages its rigs in east Texas. Omron moves to transfer this case to the Southern District of Texas, and H&P does not oppose the request.

**APPLICABLE LAW**

Defendants argue that they are entitled to transfer under 28 U.S.C. § 1404(a). Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The first inquiry when analyzing a case's eligibility for 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*In re Volkswagen I*").

Once that threshold inquiry is met, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963); *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2009). The private factors are: 1) the relative ease of access to sources of proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen I*, 371 F.3d at 203; *In re Nintendo*, 589 F.3d at 1198; *In re TS Tech*, 551 F.3d at 1319. The public factors are: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *In re Volkswagen I*, 371 F.3d at 203; *In re Nintendo*, 589 F.3d at 1198; *In re TS Tech*, 551 F.3d at 1319.

The plaintiff's choice of venue is not a factor in this analysis. *In re Volkswagen II*, 545 F.3d at 314-15. Rather, the plaintiff's choice of venue contributes to the defendant's burden in proving

that the transferee venue is "clearly more convenient" than the transferor venue. *In re Volkswagen II*, 545 F.3d at 315; *In re Nintendo*, 589 F.3d at 1200; *In re TS Tech*, 551 F.3d at 1319. Furthermore, though the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *In re Volkswagen II*, 545 F.3d at 314-15.

## ANALYSIS

### *The Relative Ease of Access to Sources of Proof*

Despite technological advances that certainly lighten the relative inconvenience of transporting large amounts of documents across the country, this factor is still a part of the transfer analysis. *In re Volkswagen II*, 545 F.3d at 316. Courts analyze this factor in light of the distance that documents, or other evidence, must be transported from their existing location to the trial venue. *See In re Volkswagen II*, 545 F.3d at 316. This factor will turn upon which party, usually the accused infringer, will most probably have the greater volume of documents relevant to the litigation and their presumed location in relation to the transferee and transferor venues. *See, e.g.*, *In re Volkswagen II*, 545 F.3d at 314-15; *In re Nintendo*, 589 F.3d at 1199; *In re Genentech*, 566 F.3d at 1345. However, documents that have been moved to a particular venue in anticipation of a venue dispute should not be considered. *In re Hoffman-La Roche Inc.*, 587 F.3d 1333. 1336–37 (Fed. Cir. 2009).

Canrig's and Omron's principal places of business and their relevant documents are in the Southern District. While H&P's principal place of business is in Tulsa, 22 of its 136 accused rigs are in the Eastern District. H&P operates the accused rigs throughout about one-third of the United States. Data relevant to infringement is collected on the rigs and sent to Tulsa. Thus, in either

3

venue, H&P will be transporting some of its documents from Tulsa, though it appears that some information may already be located in the Eastern District of Texas. This factor is neutral or at most only slightly favors transfer. While the Southern District is more convenient for Canrig's and Omron's sources of proof, H&P's accused rigs and their relevant data are physically located in the Eastern District. The remainder of H&P's evidence is in Tulsa, which is closer to the Eastern District than the Southern District.

***The Availability of Compulsory Process to Secure the Attendance of Witnesses***

This factor will weigh more heavily in favor of transfer when more third-party witnesses reside within the transferee venue. *See In re Volkswagen II*, 545 F.3d at 316. The factor will weigh the heaviest in favor of transfer when a transferee venue is said to have "absolute subpoena power." *In re Volkswagen II*, 545 F.3d at 316. "Absolute subpoena power" is subpoena power for both depositions and trial. *In re Hoffmann-La Roche Inc.*, 587 F.3d at 1338.

Neither district has absolute subpoena power over non-party witnesses. Of the two inventors, the non-party inventor has stated that he will voluntarily appear trial in Tyler. This factor is neutral.

***The Cost of Attendance for Willing Witnesses***

This factor is analyzed giving broad "consideration [to] the parties and witnesses in all claims and controversies properly joined in a proceeding." *In re Volkswagen I*, 371 F.3d at 204. All potential material and relevant witnesses must be taken into account for the transfer analysis, irrespective of their centrality to the issues raised in a case or their likelihood of being called to testify at trial. *See In re Genentech*, 566 F.3d 1343 ("Requiring a defendant to show that a potential witness has more than relevant and material information at this point in the litigation or risk facing denial of transfer on that basis is unnecessary.").

4

The Fifth Circuit has adopted a "100 mile rule" to assist with analysis of this factor. *See In re Volkswagen I*, 371 F.3d at 204-205. "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *In re Volkswagen I*, 371 F.3d at 205. When applying the "100 mile rule" the threshold question is whether the transferor and transferee venues are more than 100 miles apart. *See In re Volkswagen II*, 545 F.3d at 317; *In re TS Tech*, 551 F.3d at 1320. If so, then a court determines the respective distances between the residences (or workplaces) of all the identified material and relevant witnesses and the transferor and transferee venues. *See In re Volkswagen II*, 545 F.3d at 317; *In re TS Tech*, 551 F.3d at 1320. The "100 mile rule" favors transfer (with differing degrees) if the transferee venue is a shorter average distance from witnesses than the transferor venue. *See In re Volkswagen II*, 545 F.3d at 317; *In re TS Tech*, 551 F.3d at 1320. Furthermore, the existence or non-existence of direct flights can impact the analysis of travel time. *See In re Volkswagen I*, 371 F.3d at 204, n.3. Thus, regardless of the "straight line" distances calculated for the "100 mile rule," if "travel time" distances favor the transferee venue, then this factor will favor transfer. However, the "100 mile rule" should not be rigidly applied. *See In re Genentech*, 566 F.3d 1344. When a particular witness will be required to travel "a significant distance no matter where they testify," then that witness is discounted for purposes of the "100 mile rule" analysis. *Id*. (discounting European witnesses and documents transported from Washington D.C. in the convenience analysis when reviewing a denial of transfer from Texas to California).

In cases where no potential witnesses are residents of the court's state, favoring the court's location as central to all of the witnesses is improper. *Id.* at 1344. Finally, this factor favors transfer

5

when a "substantial number of material witnesses reside in the transferee venue" and no witnesses reside in transferor venue regardless of whether the transferor venue would be more convenient for all of the witnesses. *Id.* at 1344–45.

Canrig's and Omron's employee witnesses are located in the Southern District. Canrig has also identified prior art witnesses in Oklahoma, Colorado, Europe, and the Western District of Texas. Witnesses from Omron's and H&P's customers are located in Oklahoma, Fort Worth, and Canada. Additionally, Canrig and Omron have both identified a former Omron sales force representative who is near Fort Worth as a person with relevant knowledge. The prosecuting attorney resides in Colorado. Canrig also identifies as a potential witness the Operations Manager for H&P's Tyler office, who is responsible for managing H&P's accused rigs in the Eastern District and dealing with customers for those rigs.

At most, this factor only slightly favors transfer. While Canrig's and Omron's employee witnesses are located in the Southern District, there are other witnesses located in the Eastern District, Fort Worth, Oklahoma, and Colorado.

### *Other Practical Problems*

Practical problems include those that are rationally based on judicial economy. Particularly, the existence of duplicative suits involving the same or similar issues may create practical difficulties that will weigh heavily in favor or against transfer. *In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009) ("*In re Volkswagen III*"). Omron argues that since all parties have trial counsel located in Houston, this factor favors transfer. However, a court is not to consider the location of counsel. Accordingly, this factor does not favor transfer.

*The Administrative Difficulties Flowing from Court Congestion*

The speed with which a case can come to trial and be resolved is a factor in the transfer analysis. *In re Genentech*, 566 F.3d 1347. This factor appears to be the most speculative, and this factor alone should not outweigh other factors. *Id*. This factor is neutral.

**The Local Interest in Having Localized Interests Decided at Home**

The Fifth Circuit has explained that "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *In re Volkswagen I*, 371 F.3d at 206. This factor analyzes the "factual connection" that a case has with both the transferee and transferor venues. *See In re Volkswagen I*, 371 F.3d at 206. Generally, local interests that "could apply virtually to any judicial district or division in the United States" are disregarded in favor of particularized local interests. *In re Volkswagen II*, 545 F.3d at 318 (in a products liability suit, disregarding local interest of citizens who used the widely-sold product within the transferor venue); *In re TS Tech*, 551 F.3d at 1321. Thus, when products are sold throughout the United States, citizens of a venue do not have a particularized interest in deciding the dispute simply based on product sales within the venue. *In re Nintendo*, 589 F.3d at 1198.

Both Districts have a localized interest in this case. The Southern District is the home to two of the parties. The Eastern District is the home to an H&P office and twenty-two accused rigs. While products sold nationwide do not give rise to a local interest based on the products' use in the district, this situation is quite different. H&P's accused rigs are used in only one-third of the United States, and H&P employs members of the Eastern District to manage and service the rigs. Additionally, the accused rigs and Canrig's products that allegedly embody the invention specifically compete for use in the shale fields of the Eastern District. Residents of this District have an acute

7

personal and financial interest in the natural resources of the land in this District and the technologies used to extract those resources. This factor does not favor transfer.

***Familiarity of the Forum with the Law that Will Govern the Case* and *Avoidance of Unnecessary Problems of Conflict of Laws***

These factors are inapplicable.

## CONCLUSION

Omron has not shown that the convenience of the parties and the interest of justice clearly favor transfer to the Southern District of Texas. At most, the sources of proof and convenience of willing witnesses factors only slightly favor transfer. This is not enough to show that transfer is *clearly* warranted in light of H&P's presence in this District, use of the accused products in the shale fields in this District, Canrig's interest in marketing its own products for use in this District, and this District's localized interest in this case. This case is unlike *HTI IP LLC v. Drive OK, Inc.*, a truly nationwide cases where no party was located in Texas and Texas's connections to the case were minimal at best. *See HTI IP LLC v. Drive OK, Inc.*, 6:09cv370 Docket No. 135, 2010 WL 3075200 (granting transfer to the Southern District of California). Accordingly, the Court **DENIES** the motion to transfer.

**So ORDERED and SIGNED this 17th day of August, 2010.**

**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**